JUDGE WILLIAMS
delivered the opinion oe the court:
By the provisions of the Revised Statutes (vol. 1, p. 436) the county judge, and clerk, and sheriff .or other officers acting for him, constitute a board for comparing the polls of any election, and any two of them may constitute such board; if either of them shall have been a candidate at that election he shall not vote in his own case, but as to him the other two constitute aboard; if two have been candidates, then their places are to be supplied by the two justices residing nearest' the courthouse.
There is no case in which it is proper for one justice of the peace to sit as one of the board. If there be any two of the officers designated by the statute, they constitute the board; if there be not two, then two justices are to be called in. The board for comparing the polls for county judge of Wolfe county, at the August election, 1866, being composed of the then incumbents of county judge and sheriff, and a single justice who sat in the place of the county clerk, who declined to act because he had been a candidate at said election for clerk, was clearly illegal. Had the clerk not sat for any legal excuse, the county judge and sheriff would have constituted a legal board; but it became illegal when a single justice of the peace was permitted to act as a member of the board. The clerk, however, was not disqualified to act as a member in comparing polls for county judge. He should have acted as one of the board for all the officers except that of county clerk, and the other two should have compared the polls as to clerk. This court so prop - erly expounded the statute in Batman vs. Megowan, 1 Met., 633.
The circuit court properly awarded a mandamus to compel the county judge, sheriff, and county clerk to pro *203 ceed in the comparing of the polls, and to award the certificate of election to the one who obtained a majority of the legal voters. We do not decide on the alleged irregularity or insufficiency of any poll-book, as that matter is not legally before us.
The board being illegal as constituted, its determination, certificate, and the commission by the Governor issued on it, were all illegal, and should now be regarded as conferring no authority. Wherefore, the judgment is confirmed.